By the Court.
Harold Mefford was jointly indicted with several others for robbery in Butler county.
The evidence showed that two Italian workmen were enticed by a woman, one of the defendants, to a saloon late one night, and, after leaving it, they were set upon and robbed by several men. The Italians were, unable to identify Mefford, and the direct evidence of his participation in the crime was furnished by those who had been his codefendants. All of the other persons indicted pleaded guilty and Mefford alone stood trial. In the course of the introduction of the evidence on the part of the state the witnesses were allowed to testify that U.. F. Bickley, who appeared as one of the attorneys for the defendant at the hearing, had said to the witnesses: “If you don’t come up and testify be *107 fore the grand jury against Mefford, I’ll help you out“if you plead not guilty, they can’t prove it,” “you ain’t guilty until you are proved guilty.” Similar testimony was given by several witnesses in respect to the conduct of the attorney, all over the objection and exception of the defendant.
If the attorney had attempted corruptly to suppress evidence, his conduct would have constituted an offense under the criminal law of the state. Section 12866, General Code.
There was no testimony tending to connect Mefford with the alleged action on the part of his attorney. A client is not responsible for any illegal action taken by his attorney, which he did not advise, consent to, or participate in, and which was not justified by any authority he had given. 6 Corpus Juris, 661.
Attempts by persons other than the accused'to bribe witnesses, or otherwise to suppress or manufacture evidence, are evidence against the accused when, but only when, it is proven that he was connected with such attempts. Acts and statements of third persons, not known or authorized by him are inadmissible. 16 Corpus Juris, 556.
In view of the failure to connect Mefford with the statements, it was,error to admit the evidence. It was of such character that its admission could not fail to have prejudiced him. Attempts to suppress evidence indicate a consciousness of guilt, and if proved to have been made by defendant are highly probative of criminality.
In view' of the entire record the court does not find the judgment to be manifestly against the weight of the evidence.
*108 For the error in admitting the testimony of the alleged statements of Bickley, the judgment will be reversed and a new trial ordered.

Judgment reversed.

Shohl, P. J., Hamilton and Cushing, JJ., concur.