JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Demond Nicholson ("appellant") appeals the judgment of the trial court finding him guilty of aggravated robbery. For the reasons set forth below, we reverse the judgment of the trial court and remand the case for a new trial.
 {¶ 2} Appellant and his cousin, co-defendant Lorenzo Hunt were indicted on one count of aggravated robbery in violation of R.C. 2911.01, with one and three year firearm specifications, in violation of R.C.2941.141 and R.C. 2941.145 respectively. Appellant's indictment included a notice of prior conviction and a repeat violent offender specification regarding a prior aggravated robbery. The following facts were adduced at the joint trial of appellant and his co-defendant, Lorenzo Hunt.
 {¶ 3} According to the testimony of victim Jason Greene, in the early morning hours of September 29, 2003, he went to a local BP station to pick up diapers for his daughter. Before entering the store, he noticed a man in the passenger seat of a black four door car staring at his Ford Explorer. Though Greene noticed the man staring, he thought little of it since people often stared at his custom 22 inch rims on the wheels of his truck. Greene left the station and headed home, just a few blocks away. He pulled into his driveway and gathered his belongings from the car. He opened the car door and a man was standing there with a gun, ordering him to get to the ground. He complied and the assailant ordered Greene to hand over his keys and other personal items. The assailant got in the driver's seat, but couldn't figure out how to operate the lights, and ordered Greene to help. Greene leaned in to turn on the lights and managed to grab his cell phone. The assailant ordered Greene back to the ground, then sped away. Greene noticed that when the assailant pulled away in his truck, another car followed. The other car was the same car he had noticed earlier at the BP station. Greene immediately called the police to report the car-jacking. Police eventually recovered appellant's truck which had Greene's custom rims on them, and appellant was immediately charged.
 {¶ 4} Appellant's account of the night in question was substantially different from Greene's. Appellant maintained he was in Elyria at a friend's house on the night of the alleged carjacking with several of his friends. He maintained he left his friend's house just briefly to take medicine to his sick grandmother. On the way, he ran into some people, including Jason Greene, who were offering to sell these custom 22 inch rims. Appellant bought the rims that night from Greene, then returned to his friend's house to show everyone the rims he had purchased. Appellant presented the testimony of several friends who corroborated his testimony.
 {¶ 5} Co-defendant Hunt did not testify at trial, however, Jason Greene testified at trial that Hunt had approached him in the bathroom offering him money not to testify. Hunt asked Greene how much money it would take to "make this all go away." According to Greene, Hunt implicated appellant in the car-jacking.
 {¶ 6} The jury thereafter found appellant guilty of aggravated robbery with one and three year firearm specifications and appellant was thereafter sentenced. Appellant appeals his conviction, asserting six assignments of error for our review.
 {¶ 7} "I. The trial court erred when it refused to declare a mistrial as to Mr. Nicholson when evidence was revealed at trial that his co-defendant was attempting to bribe a witness during the trial and implicating Mr. Nicholson with out-of-court statements."
 {¶ 8} In his first assignment of error, appellant maintains the trial court erred in refusing to declare a mistrial following the introduction of evidence against appellant's co-defendant.
 {¶ 9} The grant or denial of an order of mistrial lies within the sound discretion of the trial court. State v. Garner (1995),74 Ohio St.3d 49, 59, 1995-Ohio-168. Absent a showing that the accused suffered material prejudice, a reviewing court will not disturb the exercise of that discretion. State v. Sage (1987), 31 Ohio St.3d 173, 182. "[M]istrials need be declared only when the ends of justice so require and a fair trial is no longer possible." Garner, supra.
 {¶ 10} In the instant case, appellant complains he is entitled to a new trial because the introduction of evidence regarding his co-defendant's bribery of a witness was so highly prejudicial.
 {¶ 11} Generally, "`[a]ttempts by persons other than the accused to bribe witnesses * * * are evidence against the accused when, but only when, it is proven that he was connected with such attempts. Acts and statements of third persons, not known or authorized by him, are inadmissible.'" State v. Walker (1978), 55 Ohio St.2d 208, quotingMefford v. State (1920), 13 Ohio App. 106, 107.
 {¶ 12} In this case, appellant was in no way connected to the bribery of the victim-witness. However, the evidence of the bribery was admitted in this joint trial against the co-defendant. The trial court then declined to grant a motion to sever the trial or a motion for a mistrial. The court reasoned that appellant and co-defendant acted in concert to commit the crime and stated, "This is aiding and abetting. Conspiracy goes on from the moment of the crime, right through the trial. If they're working together in a common defense — although, one man is in jail, Defendant A, Mr. Nicholson, and Defendant B at the time obviously wasn't in jail. * * * It can be simply alleged this man is furthering or has a common interest to escape liability for their conduct on the evening of the 28th."
 {¶ 13} We find this to be the precise reason the bribery testimony should not have been admitted at the joint trial because of the prejudicial effect it had against appellant. We find a motion for a mistrial should have been granted.
 {¶ 14} Evidence of bribery by a defendant is generally admissible for the purpose of showing that the witness had something to lose as well as to gain by testifying. State v. Walker (1978), 55 Ohio St.2d 208, 215. As stated by the trial court, a jury could too easily infer that appellant had something to lose and therefore was somehow connected to the bribery attempt by the co-defendant. However, no evidence was adduced at trial to demonstrate appellant was in any way connected to the bribery.
 {¶ 15} We find this case too strongly suggests the trial court relied on the "thoroughly discredited doctrine" of guilt by association, which the Ohio Supreme Court has recognized that any resort to by the prosecution, even if substantiated, is "gravely improper" and violates a fundamental principle of American jurisprudence. State v. Keenan (1993),66 Ohio St.3d 402, 406, citing People v. Chambers (1964),231 Cal. App.2d 23, 28-29. As prosecutors are not permitted to make such highly prejudicial arguments, we find it equally as troubling for a trial court to rely on it in denying a motion for a mistrial.
 {¶ 16} In the instant case, the trial court stated, albeit out of the presence of the jury, "I mean, in the organized crime instances, * * * these people pick each other as partners or associates. They don't pick them on who is sitting on the front row in church or singing in the choir. They pick people who are fellow criminals. So the fact that fellow criminals would even engage in criminal activities should be of no surprise to anybody, and then to later claim that they don't want to be associated with somebody, because they're a criminal. There's a certain irony with that, particularly your fellow who is fresh out on parole for robbery, doesn't want to be associated with the man for bribery. Bribery is less of a crime than aggravated robbery." (T. 532-533). This rationale, along with that quoted supra, suggests the trial court believed appellant was not entitled to a mistrial because he was guilty by association with co-defendant.
 {¶ 17} Furthermore, this is not such a case where the admission of bribery evidence is harmless error because it is only a relatively short reference that is made to the jury regarding the bribe attempt. See Statev. Smith, 49 Ohio St.3d 137. Instead, extensive questioning was conducted and repeated references were made regarding the bribery incident.
 {¶ 18} Moreover, in eliciting testimony by the victim-witness regarding the actual bribery, hearsay evidence was improperly admitted implicating appellant in the robbery. Out-of-court statements made by an accomplice that incriminate the defendant may be admitted as evidence only if the statement contains adequate indicia of reliability. State v.Madrigal, 87 Ohio St.3d 378, 2000-Ohio-448, paragraphs one and three of the syllabus. In this case, the victim witness testified that co-defendant stated to him, "I know he was wrong. I know he's talking with [appellant]. I know he was wrong for doing it or whatever, but his mother had passed, and he was going through a lot of stuff." (T.447). This court does not find sufficient indicia of reliability to allow this incriminating testimony to be admitted against appellant.
 {¶ 19} We find the trial court should have granted a motion for a mistrial and therefore sustain appellant's first assignment of error. We decline to address remaining assignments of error which are set forth in the appendix.
Reversed and remanded for a new trial.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., Concurs. Gallagher, J., Concurs In judgment only (seeattached concurring opinion)
 APPENDIX
"II. The trial court erred in sentencing Mr. Nicholson to three years for the firearm specification when only a one-year specification was returned by the jury in open court.
"III. The trial court erred in imposing the sentence in the instant case consecutively to any sentence to be imposed in the future against Mr. Nicholson.
"IV. The trial court erred when it imposed a term of postrelease control without stating in open court the length of the term of post-release control.
"V. The trial court erred when it imposed more than a three-year sentence for the underlying offense of aggravated robbery.
"VI. Mr. Nicholson was denied his rights to effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution."
 COURT OF APPEALS OF OHIO EIGHTH DISTRICT COUNTY OF CUYAHOGA No. 84527
STATE OF OHIO : CONCURRING
Plaintiff-Appellant : OPINION
 :
 vs. :
 :
DEMOND NICHOLSON :
Defendant-Appellee :

DATE: APRIL 7, 2005
SEAN C. GALLAGHER, J., CONCURRING IN JUDGMENT ONLY:
 {¶ 20} I concur in judgment only with the majority regarding the trial court's failure to declare a mistrial. However, I believe a mistrial was warranted only because of the admission of evidence regarding the purported bribe. I respectfully dissent from the majority view that the co-defendant's other statements, implicating Nicholson in the underlying aggravated robbery, were improperly admitted. I would have permitted the introduction of those statements directly related to the aggravated robbery offense while excluding statements related to the purported bribery attempt.
 {¶ 21} I write separately to address issues raised by the unusual facts that evolved at trial in this case.
 {¶ 22} First, it is important to acknowledge that the trial judge, prosecutor, and defense counsel were placed in an unexpected scenario where options on the proper admissibility of evidence of another crime were clouded in the fog of trial. While we have the comfort of hindsight, the parties here had no such luxury.
 {¶ 23} Nevertheless, a proper application of the existing law to these facts reveals the admission of this evidence was improper. Hunt, the co-defendant, purportedly attempted to bribe the state's chief witness and victim, Jason Greene, during jury selection to make the case "go away." Although Hunt denied this, claiming it was Greene who was looking for money, this distinction is irrelevant. In State v. Smith (1990)49 Ohio St.3d 137, the Supreme Court of Ohio reiterated the legal standard to be applied to such situations: "`Attempts by persons other than the accused to bribe witnesses * * * are evidence against the accused when, but only when, it is proven that he was connected with such attempts. Acts and statements of third persons, not known or authorized by him, are inadmissible.'" Citing State v. Walker (1978),55 Ohio St.2d 208, 215, quoting Mefford v. State (1920),13 Ohio App. 106, 107.
 {¶ 24} Significantly, in both Smith and Walker, the Supreme Court of Ohio found the admission of such evidence to be harmless. In Smith,
supra, the court considered a brief reference to an alleged bribe, whereas Walker, supra, dealt with an alleged threat. These decisions are distinguishable from the facts in the present case. As the majority has noted, no evidence in this case was offered indicating Nicholson knew of, adopted or encouraged Hunt's efforts on his behalf. Conversely, inWalker, the threatening note was purportedly signed by the defendant. Likewise, in Smith, the purported bribe only referenced an unidentified female, with no specifics offered regarding the defendant or the circumstances of the bribe offered.
 {¶ 25} Unlike those scenarios, here Hunt was identified as Nicholson's cousin and the purported bribe attempt contained specific references to Nicholson deserving sympathy over the death of his mother. For this reason, despite the overwhelming evidence offered by the prosecution supporting the conviction for the aggravated robbery, it cannot be said the introduction of this evidence was harmless. The subject of the bribe attempt in this case was extensively explored by both the prosecution and Hunt's counsel, to the detriment of Nicholson. The trial court's reference that Hunt's actions were likely part of a "continuing conspiracy" between Hunt and Nicholson may be an insightful analysis into the workings of the criminal mind, but the case law requires some actual evidence that Nicholson was either aware of Hunt's efforts or behind them. The mere supposition, as well reasoned as it may be, that Nicholson was "conspiring" with Hunt creates the implication of "guilt by association," a principle that the majority noted has been rejected under the law.
 {¶ 26} In one recent case, the First District Court of Appeals outlined concerns about attempts to introduce evidence of ancillary criminal activity into a trial. The court indicated that even where the evidence was objected to and not admitted, the danger of unfair prejudice remains high. In State v. Nix, Hamilton App. No. C-030696, 2004-Ohio-5502, the prosecution attempted to question a witness about the defendant's brother's role in intimidating a prior witness into not appearing at trial. That court held: "We agree with Nix that the prosecution's pursuit of the line of questioning could be interpreted as an improper attempt to expose the jury to information that was both immaterial and potentially highly prejudicial to Nix's defense. The questioning clearly posed the risk that the jury might infer Nix's guilt from the efforts of his brother to harass or intimidate Seaton. As has been often noted, although prosecutors are expected to prosecute with vigor, and thus may strike hard blows, they are `not at liberty to strike foul ones.'" Id., quotingBerger v. United States (1935), 295 U.S. 78, 88. Furthermore, the Supreme Court of Ohio has recognized that any resort by the prosecution to the "thoroughly discredited" doctrine of guilt by association, even if substantiated, is "gravely improper" and violates a fundamental principle of American jurisprudence. Id., citing State v. Keenan (1993),66 Ohio St.3d 402, 406. I would again note that there was no simple solution for the trial court or the parties when resolving this issue.[1]
 {¶ 27} For these reasons, I concur in judgment only with the majority on the issue of the trial court's failure to declare a mistrial over the admission of evidence involving the purported bribery. With respect to the admissibility of the non-testimonial statements of Hunt, exclusive of the reference to the bribery, that implicate Nicholson in the aggravated robbery, I would find these statements contain the required "indicia of reliability" and would find no error in their admission.
[1] Several options come to mind: a separate charge of bribery against Hunt, Nicholson, or both; a limiting instruction to the jury on the purpose for the testimony (which may have caused Bruton problems); or the limitation of Greene's testimony to statements not involving the bribery. However, all of these considerations would have required considerable analysis and time that, even under the best of circumstances, a trial court rarely has.