JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Lorenzo Hunt ("defendant') appeals from the judgment entered pursuant to a jury verdict finding him guilty of aggravated robbery with a firearm specification. Defendant was indicted along with co-defendant Demond Nicholson ("Nicholson"). For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} The facts relevant to this appeal have been set out in the companion case of State v. Nicholson (April 7, 2005), Cuyahoga App. No. 84527, and need not be repeated in its entirety herein. However, we note the following facts relevant to defendant's appeal: On March 11, 2004, defendant was sentenced to four years for the aggravated robbery and three years for the firearm specification for a total of seven years.
 {¶ 3} Defendant timely appealed and raises two assignments of error for our review.
 {¶ 4} "I. The trial court committed prejudicial error when it failed to sever the trial of the appellant and his co-defendant."
 {¶ 5} In his first assignment of error, defendant contends that he was denied a fair trial when the trial court denied the motion for separate trials. Specifically, defendant argues that he was prejudiced by the introduction of evidence of Nicholson's prior conviction for aggravated robbery and introduction of testimony that he attempted to bribe the victim and apologize for the conduct of Nicholson. We disagree.
 {¶ 6} Pursuant to Crim.R. 8(B), joinder is permitted if two or more defendants are alleged to have participated in the same act or transaction or in the same course of criminal conduct. Relief from such joinder is available under Crim.R. 14 upon a demonstration of prejudice. The decision whether to sever defendants from a joint trial rests within the sound discretion of the trial court. State v. Schiebel (1990),55 Ohio St.3d 71; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 7} Defendant's first argument, in essence, is that the jury's verdict was the result of "guilt by association." However, there is no evidence in the record to suggest that the jury could not distinguish the criminal activity of Nicholson from that of the defendant. The fact that Nicholson had a criminal record was not controlling in this case. Rather, the evidence was uncomplicated and direct. The victim identified Nicholson as the man he saw at the BP station prior to the car-jacking and as the man who pulled a gun on him and stole his car. The victim identified defendant's black, four-door Toyota Camry as the vehicle he saw at the BP station prior to the car-jacking and as the same vehicle he later saw follow Nicholson immediately after the car-jacking. Defendant was identified from a BP surveillance tape as exiting the BP store 30 seconds before the victim entered. The victim testified that defendant approached him in the men's bathroom on the 21st floor of the Justice Center and attempted to bribe him not to testify. The victim also testified that defendant apologized for the actions of Nicholson in robbing him. A trial court does not abuse its discretion in denying a motion for severance of trials when the State presents evidence that is direct, uncomplicated, and the jury demonstrates its ability to segregate the proof on each charge. State v. Brooks (1989), 44 Ohio St.3d 185, 194.
 {¶ 8} Defendant's second argument is that the jury inferred his guilt from the bribery testimony. However, evidence that tends to demonstrate the bribing of witnesses is admissible evidence against the accused.State v. Bourn (Oct. 10, 1991), Cuyahoga App. No. 59135, citing Meffoldv. State (1920), 13 Ohio App. 106; State v. Mendizabal (Aug. 8, 1980), Defiance App. No. 4-79-13 (attempts by a defendant to suppress adverse evidence indicate a consciousness of guilt and are highly probative of criminality and admissible in evidence); State v. Kingrey (May 21, 1979), Portage App. No. 871 (evidence of intimidation of a witness by the accused is admissible as showing a consciousness of guilt). Accordingly, the bribery testimony from the victim-witness was admissible against the defendant.
 {¶ 9} Pursuant to Bruton v. United States, 391 U.S. 123, 137 (1968), the bribery testimony had a prejudicial effect upon Nicholson since Nicholson was in no way connected to the bribery of the victim-witness. See State v. Nicholson (April 7, 2005), Cuyahoga App. No. 84527. However, no error exists as applied to the defendant since it was properly admitted against him. See Ibid. Accordingly, the defendant was not prejudiced by the trial court's failure to sever the trials.
 {¶ 10} Defendant's first assignment of error is overruled.
 {¶ 11} "II. The appellant was denied effective assistance of [counsel] due to the conduct of his counsel during trial requiring reversal of the trial court decision."
 {¶ 12} In this assignment of error, defendant argues that his trial counsel was deficient in various respects and that he was denied his constitutional right to the effective assistance of counsel. We disagree.
 {¶ 13} In order for this Court to reverse a conviction on the grounds of ineffective assistance of counsel, we must find that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.Strickland v. Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. Strategic or tactical decisions made by defense counsel which are well within the range of professionally reasonable judgment need not be analyzed by a reviewing court.Strickland, supra.
 {¶ 14} Defendant first argues that his trial counsel performed deficiently by failing to request severance of his trial from that of his co-defendant Nicholson. In the previous assignment of error, we held that the defendant was not prejudiced by the trial court's failure to sever the trials of the defendant and Nicholson. Thus, counsel's failure to request a severance of the trials was not prejudicial and defendant was not rendered ineffective assistance of counsel. See Bradley, supra.
 {¶ 15} Next, defendant claims that he was prejudiced when his trial counsel failed to object to the bribery issue being raised at trial. In the previous assignment of error, we held that the defendant's attempt to bribe the victim was admissible evidence against the defendant. Therefore, defendant was not denied effective assistance of counsel on that basis.
 {¶ 16} Finally, defendant argues that he was prejudiced when his trial counsel advised him not to testify at trial and lists several reasons why he should have testified at trial. The decision whether to call a defendant as a witness falls within the purview of trial strategy. Statev. Adkins (2001), 144 Ohio App.3d 633, 646; City of Lakewood v. Town
(1995), 106 Ohio App.3d 521, 527.
 {¶ 17} Here, there may have been several strategic reasons for not calling defendant to testify. There is nothing in the record to demonstrate that defendant was prejudiced by that decision.
 {¶ 18} Defendant's second assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Corrigan, J., concur.