JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Melissa Smidt-Walker, appeals from the judgment of the common pleas court, rendered after a bench trial, finding her guilty of theft of household furnishings valued at over $500 but less than $5,000, in violation of R.C. 2913.02(A)(1). We affirm.
 {¶ 2} The evidence at trial revealed the following. In August 2005, Michele Rice rented the home she owned on Lake Road in Bay Village to appellant and her husband. Appellant, her husband, and their daughter moved in before Rice removed all of her personal property from the home.
 {¶ 3} Rice left a big screen TV, a couch, four dining room chairs, a lawn mower, a wall mirror, a table with a lamp on it, various articles of clothing, a vacuum cleaner, an outdoor bench, a children's playset, blinds for the garage windows, various children's items, and several shovels and rakes at the house.
 {¶ 4} According to Rice, she told appellant that she could keep the table, lamp, clothing, and children's items. She also told appellant that she and her husband could keep the lawn mower if they fixed it and cut the grass while they lived in the house, which they did not do. Rice testified that when appellant asked her about the other items she was leaving in the house, Rice told appellant that she and her family could use them for a while, but that she would retrieve the items when she had room for them in her new home. *Page 4 
 {¶ 5} Danielle Parrish, a longtime friend of Rice, was at the Lake Road property with Rice when appellant did a walkthrough of the home. Parrish testified that she heard the conversation between appellant and Rice regarding the items Rice was leaving at the home. According to Parrish, Rice very specifically told appellant what items she was giving appellant and what items Rice was leaving for appellant and her family to use, but not giving them. Parrish heard Rice tell appellant that she would leave the lawn mower and the playset for appellant and her family to use while they lived in the home. Parrish testified that Rice did not tell appellant that she could keep the TV, couch, or dining room chairs.
 {¶ 6} Rice sent a letter to appellant and her husband in May 2006 informing them that she wanted her personal property back. Shortly thereafter, Rice began eviction proceedings. Rice eventually evicted appellant and her family in July 2006, for nonpayment of rent. When she received the keys and inspected the house, she observed that the items she had left in the home were gone. In addition, there was extensive damage to the home.
 {¶ 7} Kendra Mooney testified that she managed the property where appellant and her family moved after vacating Rice's home. Mooney saw Rice's TV, couch, and wall mirror at the property while appellant and her daughter were living there.
 {¶ 8} Thomas Wynne, a lawyer, represented Rice in her forcible entry and detainer action against appellant, which included a claim for stolen property. Wynne testified that before they were evicted, he spoke with both appellant and her then-husband, *Page 5 
Shane Walker, about returning Rice's property to her. Shane told Wynne that he had moved out of Rice's home at the end of May 2006, and had the children's playset at his new home, but would return it to Rice. Shane also told Wynne that his wife had Rice's property and, although Shane wanted her to return the property, she did not want to do so. According to Wynne, "Shane was doing his best to try to iron things out."
 {¶ 9} Two witnesses testified for the defense. Shane, who was also charged with theft, testified that Rice told him and appellant that they could have the playset and the dining room chairs, but admitted that he was not present during any conversations about the TV and couch. Shane testified that he returned the playset to Rice's home after learning from the Bay Village police that Rice wanted it back.
 {¶ 10} Alexei Pebble, a friend of appellant's, testified that he helped appellant and Shane move into Rice's home. Pebble asserted that he heard Rice tell appellant that she could either keep the couch and TV or donate them if she did not want them, but admitted that he "wasn't really listening" to the conversation between Rice and appellant because he was busy moving items into the house. The trial court subsequently found appellant guilty of theft, in an amount over $500 but less than $5,000, a fifth degree felony, and sentenced her to community control and ordered her to return Rice's property. The trial court acquitted Shane. Appellant raises five assignments of error on appeal.
 Parol Evidence *Page 6 
 {¶ 11} Appellant contends that any agreement she had with Rice was governed solely by the written lease agreement. Therefore, she contends, the trial court erred in admitting evidence of oral agreements outside the lease to find her guilty of a criminal offense. Appellant's argument fails.
 {¶ 12} "The parol evidence rule states that `absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.'" Galmish v. Cicchini (2000), 90 Ohio St.3d 22, 27, quoting 11 Williston on Contracts (4 Ed. 1999), 569-570, Section 33:4. The principal purpose of the parol evidence rule is to protect the integrity of written contracts. Ed Schory Sons, Inc. v. Soc. Natl. Bank,75 Ohio St.3d 433, 440, 1996-Ohio-194. "By prohibiting evidence of parol agreements, the rule seeks to ensure the stability, predictability, and enforceability of finalized written instruments." Meek v. Solze, Ottawa App. No. OT-05-055, 2006-Ohio-6633, at ¶ 33.
 {¶ 13} This case was not a civil action about the enforceability of the written lease agreement; it was a criminal prosecution about whether appellant intended to deprive Rice of her personal property. Further, the lease agreement (Defendant's Exhibit B) encompassed only the "three bedroom, two bathroom house, located at 30429 Lake Road, Bay Village, OH 44140" and made no mention about Rice's personal property. Thus, the evidence about what personal property Rice gave to appellant and what property she only loaned to appellant was not offered to alter or *Page 7 
dispute the terms of the lease agreement. Accordingly, the trial court did not err in allowing its admission; appellant's first assignment of error is overruled.
Insufficiency and Manifest Weight of the Evidence
 {¶ 14} In her second assignment of error, appellant contends that the trial court erred in denying her Crim. R. 29(A) motion for acquittal because the evidence was insufficient to support her conviction. In her third assignment of error, she contends that her conviction was against the manifest weight of the evidence.
 {¶ 15} Crim. R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction * * *." An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 16} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins, 78 Ohio St.3d 380, 390, 1997-Ohio-52. When considering a manifest weight claim, a reviewing court must examine the entire record, weigh the evidence and consider *Page 8 
the credibility of witnesses. State v. Thomas (1982), 70 Ohio St.2d 79,80. The court may reverse the judgment of conviction if it appears that the factfinder `"clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Thompkins at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. A judgment should be reversed as against the manifest weight of the evidence "only in the exception case in which the evidence weighs heavily against the conviction." Thompkins at 387. A finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. Id. at 388.
 {¶ 17} Under R.C. 2913.02(A)(1), "no person with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * without the consent of the owner or person authorized to give consent." There was ample evidence that appellant knowingly exerted control over Rice's personal property without Rice's consent and with a purpose to deprive Rice of the property.
 {¶ 18} Rice testified that although she gave certain items to appellant, she very explicitly told appellant that she could use, but not keep, the TV, couch, and other items. Likewise, Danielle Parrish, who heard the conversation between Rice and appellant about the items, testified that although Rice told appellant she could have certain items, she did not tell appellant that she could have the couch, TV, or dining room chairs. Kendra Mooney testified that she saw Rice's personal property in the *Page 9 
home where appellant moved after vacating Rice's property. Thomas Wynne testified that he asked both appellant and Shane to return Rice's property, and Shane told him that appellant had Rice's property but did not want to give it back. On this evidence, the trial judge did not lose his way and create a miscarriage of justice in finding appellant guilty of theft.
 {¶ 19} We are not persuaded by appellant's argument that the evidence was insufficient to prove appellant's intent to deprive Rice of her property, because Rice gave her permission to use the property. The State's evidence, if believed, was sufficient to demonstrate that Rice gave appellant permission to use the items for only so long as Rice chose to loan them to appellant. Appellant's refusal to return the items, and her asportation of the items to another home after her eviction from Rice's property, despite Rice's request for their return, demonstrates her clear and unambiguous intent to deprive Rice of her property. Likewise, we are not persuaded by appellant's argument that Shane's acquittal, despite appellant's conviction, created a manifest miscarriage of justice. `"Where issues of identity and participation in a criminal act are presented in the same trial of two or more codefendants, a verdict of guilty as to one codefendant will not support a claim of an inconsistent verdict.'" State v. Jordan (Apr. 29, 1999), Cuyahoga App. No. 73453, quoting State v. Hirsch (1956),101 Ohio App. 425, 431. The trial court found that Shane did not possess the requisite criminal intent for theft because he returned the playset after he was informed that Rice wanted it back, but that appellant's criminal *Page 10 
intent was proven by her self-same refusal to return the property. The trial court's determination was supported by the evidence and, accordingly, we find no miscarriage of justice in the court's conviction of appellant and acquittal of Shane.
 {¶ 20} After reviewing the record, weighing the evidence, and considering the credibility of the witnesses, we find that appellant's conviction was supported by the manifest weight of the evidence. Appellant's second and third assignments of error are therefore overruled.
Ineffective Assistance of Counsel
 {¶ 21} Immediately prior to sentencing, defense counsel filed a motion for reconsideration to which he had attached an appraisal of the stolen property which valued the property at less than $500. The trial court denied the motion because the appraisal had not been presented at trial.
 {¶ 22} Appellant now argues that her attorney erred by failing to subpoena an expert appraiser to testify at trial or move for a continuance because the appraiser was unavailable for trial. She also argues that her lawyer erred by not putting her on the stand to testify.
 {¶ 23} To establish ineffective assistance of counsel, appellant must demonstrate that her lawyer's performance fell below an objective standard of reasonable performance and that she was prejudiced by her lawyer's deficient performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Brooks (1986),25 Ohio St.3d 144. She must show that, but *Page 11 
for her lawyer's deficient performance, the outcome of her trial would have been different. Id.
 {¶ 24} An attorney is assumed to be competent and to perform his duties ethically and competently. State v. Lytle (1976),48 Ohio St.2d 391, 396. In addition, we will not second-guess strategic decisions of trial counsel, at least insofar as they are reasonable.Strickland, 466 U.S. at 689; State v. Hughbanks (Dec. 3, 1999), Hamilton App. No. C-980595.
 {¶ 25} Defense counsel's trial strategy in this case was twofold: establish that Rice gave appellant the property, and discredit Rice's testimony about the value of the property. Although it may have been more effective if defense counsel had called an expert appraiser to testify about the value of the property, it was not ineffective to use cross-examination of Rice to dispute the value of the property. An attorney's choice of a strategy that does not prove to be effective does not necessarily constitute ineffective assistance of counsel. State v.Clayton (1980), 62 Ohio St.2d 45, 49. That a more effective strategy existed also does not constitute ineffective assistance. Id.
 {¶ 26} Counsel's decision not to put appellant on the stand was also reasonable trial strategy. State v. Hunt, Cuyahoga App. No. 84528,2005-Ohio-1871, at T|16. Appellant has a prior conviction for a drug-related offense. If she testified, the court presumably would have evaluated her credibility in light of her prior conviction. Moreover, even assuming it was error not to put appellant on the *Page 12 
stand, appellant has not demonstrated that she would have offered any testimony other than that heard at trial, such that the outcome of the trial would have been different if she had testified. Accordingly, appellant has failed to demonstrate that she was prejudiced by counsel's trial strategy not to put her on the stand. We find no ineffective assistance of counsel and, therefore, appellant's fourth assignment of error is overruled.
Trial Court Inquiry Regarding Appellant's Decision Not to Testify
 {¶ 27} In her fifth assignment of error, appellant contends that the trial court erred in not establishing on the record that she was voluntarily waiving her right to testify. The Ohio Supreme Court has rejected this argument, stating, "[a] trial court is not required to conduct an inquiry with the defendant concerning the decision whether to testify in his defense." State v. Bey (1999), 85 Ohio St.3d 487, 499. Accordingly, the trial court was not required to inquire of appellant regarding her decision not to testify. Appellant's fifth assignment of error is therefore overruled.
Objection to the Indictment
 {¶ 28} To be constitutionally sufficient, an indictment must contain the elements of the offense charged and fairly inform a defendant of the charge against which he must defend, and enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. State v. Childs (2000), 88 Ohio St.3d 558. *Page 13 
 {¶ 29} In her sixth assignment of error, appellant contends that the indictment was unconstitutionally vague because it charged her with stealing "household furnishings" and did not list the separate items of property that she was accused of stealing. Appellant contends that the failure of the indictment to specifically list the alleged stolen items prejudices her future ability to defend against a future prosecution for the same offense.
 {¶ 30} Under Crim. R. 12(C)(2), defects in an indictment, except failure to show jurisdiction in the court or to charge an offense, are waived if not raised before trial. State v. Colon, 118 Ohio St.3d 26,2008-Ohio-1624, at ¶ 37. Appellant did not raise this issue at any time during the pendency of the proceedings before the trial court and, therefore, has waived this argument for purposes of appeal. Appellant's sixth assignment of error is therefore overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 14 
 PATRICIA A. BLACKMON, J., and ANN DYKE, J., CONCUR *Page 1