**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3316
_____

UNITED STATES OF AMERICA

v.

COLLIN COWELL,
a/k/a Tyson,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:16-cr-00498-001)
District Judge: Honorable J. Curtis Joyner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 6, 2020
_____

Before: McKEE, BIBAS, and FUENTES, *Circuit Judges*.

(Opinion filed:  September 11, 2020)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge.*

Collin Cowell asks us to vacate his 324-month sentence for sex trafficking in violation of 18 U.S.C. § 1591(b)(2) and distribution of child pornography in violation of 18 U.S.C. § 2252(a) and remand for resentencing.[1] Cowell argues that the District Court erred in applying a two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(2)(B), for exercising undue influence over his minor victims to engage in prohibited sexual conduct, and a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a), for his role as an organizer or leader of the sex-trafficking scheme. Cowell also argues that his 324-month sentence is substantively unreasonable and a violation of the Eighth Amendment.

We disagree. After reviewing the record, there is clear support for the District Court to determine that Cowell was the leader of a child sex-trafficking operation, and that he facilitated and promoted his vulnerable, underage victims to engage in commercial sex. We will therefore affirm the District Court's application of the sentencing enhancements for undue influence and leadership. We also conclude that this within-Guidelines sentence is substantively reasonable.

**I.**

We review the District Court's factual findings relevant to the sentencing enhancements for clear error and exercise plenary review over the District Court's

---

[1] The District Court had jurisdiction over Cowell's criminal case pursuant to 18 U.S.C. § 3231, and we exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

interpretation of the Guidelines.[2] Because there is a ten-year age difference between Cowell—who was twenty-five at the time he operated the sex-trafficking ring—and the fifteen-year-old victim at issue here, the District Court correctly applied a rebuttable presumption that Cowell exercised undue influence over his minor victim.[3] Cowell argues that, although he was ten years older, he did not exercise undue influence over his minor victim because she was already involved in prostitution before he met her.[4] His argument reflects an absence of remorse that the District Court apparently considered when fashioning Cowell's sentence.

We vehemently reject Cowell's argument that his child victim's previous behavior somehow discounts or negates his own responsibility for sexually exploiting a vulnerable, underage girl. Cowell coordinated and arranged for the underage victim to engage in commercial sex acts, out of pure greed.[5] The victim's alleged previous sexual exploitation in no way precludes a finding that Cowell exercised undue influence when he preyed on a runaway teen with no stable home and no income to engage in commercial sex for his benefit.[6] The District Court therefore did not err in finding that

---

[2] *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc); *see also United States v. Bell*, 947 F.3d 49, 54 (3d Cir. 2020); *United States v. Richards*, 674 F.3d 215, 219-220 (3d Cir. 2012) (applying clear error review where "we consider a district court's application of the Guidelines to a specific set of facts, that is, where the district court determined whether the facts 'fit' within what the Guidelines prescribe.").

[3] U.S.S.G. § 2G1.3(b)(2)(B), app. note 3(B).

[4] Disregarding that his victim was underage and therefore legally incapable of consent, Cowell characterizes the victim's previous sexual exploitation as evidence of a willingness or predisposition to engage in prostitution, suggesting she was "in the business" before he met her. App. 11.

[5] Appellee Br. at 5, 20.

[6] *Id*. at 4, 9.

Cowell failed to rebut the presumption that the enhancement under U.S.S.G.

§ 2G1.3(b)(2)(B) applied.

Nor can we agree that the District Court clearly erred in applying a four-level enhancement for Cowell's leadership role. Cowell admits that he ran the sex-trafficking operation for a period.[7] He groomed underage girls to serve as prostitutes, he recruited and trained his associates in how to run the organization, and he recouped profits even after he turned operations over to his affiliates.[8] He does not allege that the application of the leadership enhancement was inappropriate based on his own actions. Rather, Cowell's only argument is that he is no more a leader or organizer than his two affiliates who pleaded guilty and cooperated against him. The District Court's decision not to apply the leadership enhancement to his affiliates is irrelevant given Cowell's own leadership role.[9]

Finally, we review the substantive reasonableness of the District Court's sentence for abuse of discretion.[10] To succeed, Cowell must show that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."[11] Cowell argued, and the District Court considered, that he was raised in poverty, received minimal education, and was abused as a child.[12] On the

---

[7] Appellant Br. at 15.
[8] Appellee Br. at 25.
[9] Moreover, as the Guidelines explain, there can "be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." U.S.S.G. § 3B1.1, app. note 4.
[10] *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008).
[11] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).
[12] App. 102.

other hand, the District Court also considered the seriousness of sexually exploiting minors for personal profit, Cowell's central role in the operation, and his lack of remorse.[13] We find no abuse of discretion where, after consideration of the relevant factors under 18 U.S.C. § 3553(a), the District Court sentenced Cowell to the very bottom of his Guidelines range.[14] Because we find that the within-Guidelines sentence was reasonable, we also reject Cowell's contention that his sentence is cruel and unusual punishment under the Eighth Amendment.[15] In fact, that argument is frivolous.

## II.

For the reasons stated, we will affirm the sentence imposed by the District Court.

---

[13] App. 106-07, 109-112.

[14] *Id.*

[15] *See United States v. Miknevich*, 638 F.3d 178, 186 (3d Cir. 2011) ("Generally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment . . . because we accord substantial deference to Congress, as it possesses broad authority to determine the types and limits of punishments for crimes.").